EXHIBIT 1

WALSH & WALSH, ESQS.
55 STATE STREET
HACKENSACK, NEW JERSEY 07601
(201) 487-7500
John K. Walsh, Jr., Esq.
New Jersey Bar No. 008761982
Attorneys for Plaintiffs

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

---

| | |
|---|---|
| ANTHONY TROBIANO, Individually and as Trustee of the Anthony Trobiano Trust, | Docket No. |
| | Civil ACTION |
| Plaintiffs | |
| | **COMPLAINT** |
| FRANK P. LAGANO, JR., Individually and as the Substitute Administrator of the Estate of Frank P. Lagano, and LIBERTY MUTUAL INSURANCE COMPANY, | |
| Defendants. | |

---

Plaintiff, ANTHONY TROBIANO ("Plaintiff, Anthony") individually and as Trustee of the Anthony Trobiano Trust (hereinafter, jointly referred to as "Plaintiffs"), with a principal office located at 67 Leuning Street, South Hackensack, New Jersey 07608, by way of complaint against Defendants, says:

## FACTS COMMON TO ALL COUNTS

**Introduction**.

1. Defendant, Frank P. Lagano, Jr. ("Defendant, Lagano"), is an individual with a residence located at 196 Hudson Avenue, Tenafly, Bergen County, New Jersey 07670.

2. Defendant, Lagano, is the son of Frank P. Lagano ("Decedent"), who died a resident of and domiciled in Tenafly, Bergen County, New Jersey on April 12, 2007.

3.  Decedent died intestate, survived by his spouse, Frances Lagano ("Frances"), a daughter, Anne C. Lagano ("Anne"), a daughter, Corrine M. Lagano ("Corrine"), and the Defendant, Lagano.

4. On the application of the Surrogate of Bergen County, a judgment granting Letters of Administration were issued to Frances on May 21, 2007.

5. In support of Frances' application for administration, Defendant, Lagano, submitted an affidavit sworn to on May 10, 2007 (the "May 10, 2007 Affidavit"). In the May 10, 2007 Affidavit, Defendant, Lagano, identified probate assets of the Decedent and referenced the existence of assets held jointly by the Decedent and Frances. Annexed hereto as Exhibit A is true copy of the May 10, 2007 Affidavit.

6. Defendant, Lagano, further stated in the May 10, 2007 Affidavit that all debts of the Decedent, except medical bills which were submitted to insurance and the mortgage on the jointly owned residence, were paid.

7. In further support of the application for administration, Defendant, Lagano, submitted an Affidavit of Value sworn to on May 21, 2007 (the "May 21, 2007 Affidavit") stating that to the best of his knowledge, the Decedent's estate did not exceed the sum of $1,619,169.15. Annexed hereto as Exhibit B is true copy of the May 21, 2007 Affidavit.

8. By instrument dated January 3, 2008, Frances executed a disclaimer of certain intangible personal property with a date of death value totaling $343,000.00 ("Intangible Personal Property Disclaimer"). Annexed hereto as Exhibit C is a true copy of the Intangible Personal Property Disclaimer.

9. By instrument dated January 3, 2008, Frances executed a disclaimer of certain real property located at 147 Buckingham Road, Tenafly, New Jersey to the sum of $1,500,000.00 but not more than fifty (50%) percent in value (the "Real Property Disclaimer"). Annexed hereto as Exhibit D is a true copy of the Real Property Disclaimer.

10. On July 29, 2011, Frances died a resident of and domiciled in Tenafly, Bergen County, New Jersey.

11. On the application to the Surrogate of Bergen County, a judgment granting Substitutionary Administration was entered on March 12, 2012. Letters of Substitutionary Administration were issued to Defendant, Lagano.

12. In support of his application, Defendant, Lagano, submitted an Affidavit of Value sworn to on March 20, 2012 ("March 20, 2012 Affidavit") stating that to the best of his knowledge the Decedent's estate did not exceed the sum of $1,619,169.15. Annexed hereto as Exhibit E is true copy of the March 20, 2012 Affidavit.

13.  As  a  condition  of  his  administration,  Defendant, Lagano,  gave  a  bond  to  the  Superior  Court.  Annexed  hereto  as Exhibit  F  is  true  copy  of  the  Bond.  Defendant,  Liberty  Mutual Insurance  Company,  with  offices  located  at  450  Plymouth  Meeting Road,  Suite  400,  Plymouth  Meeting,  Pennsylvania  19462  is  the Surety.

**FIRST COUNT**
**(Money Lent)**

14.  Plaintiffs  repeat  and  reallege  each  and  every allegation  of  the  Facts  Common  to  All  Counts  as  if  set  forth herein  at  length.

15. On April 25, 2006 Plaintiff, Anthony, loaned the sum of One  Hundred  Twenty-five  Thousand  ($125,000.00)  dollars  to  the Decedent.  Annexed  hereto  as  Exhibit  G  is  a  true  copy  of  the April 25, 2006 check reflecting the loan.

16. On April 27, 2006, Plaintiff, Anthony's daughter, Tracy Trobiano,  loaned  the  sum  of  Sixty-two  Thousand  Five  Hundred ($62,500.00)  dollars  to  the  Decedent.  Annexed  hereto  as  Exhibit H  is  a  true  copy  of  the  April  27,  2006  check  reflecting  the loan.

17.  On  August  1,  2018,  Tracy  Trobiano  assigned  all  right, title  and  interest  in  her  loan  to  the  Decedent  to  the  Plaintiff. Annexed  hereto  as  Exhibit  I  is  a  true  copy  of  the  August  1,  2018

Assignment.  As  assignee,  Plaintiff,  Anthony,  is  entitled  to collect the loan.

18. By virtue of the loan to the Decedent, and as assignee, Plaintiffs are owed the sum of One Hundred Eighty-seven Thousand Five  Hundred  ($187,500.00)  dollars  by  the  Decedent  (the "Loans").

19. No portion of the Loans have been repaid.

20. By written demand made to Defendant, Lagano, on August 15, 2018, Plaintiffs demanded that Defendant, Lagano repay the Loans.

21. Defendant, Lagano, has failed and or refused to repay the Loans.

WHEREFORE,  the  Plaintiffs  demand  judgment  against  the Defendant, Lagano, individually and as Substitute Administrator in  the  sum  of  One  Hundred  Eighty-seven  Thousand  Five  Hundred ($187,500.00) dollars,  plus  interest,  costs  of  suit  including reasonable attorneys fees, and such other and further relief as the Court shall deem just and proper.

## SECOND COUNT
### (Money Had and Received)

22. Plaintiffs  repeat  and  reallege  each  and  every allegation of the Facts Common to All Counts and the First Count as if set forth herein at length.

23.  Defendant, Lagano, as Substitute Adminiatrator is indebted to the Plaintiff in the sum of One Hundred Eighty-seven Thousand Five Hundred ($187,500.00) dollars for money had and received by the Decedent from Plaintiff and Plaintiff's assignor on April 25, 2006 and April 27, 2006, respectively, for Decedent's use.

24. On August 15, 2018, Plaintiff demanded payment from the Defendant, Lagano, but no portion thereof has been paid.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Lagano, individually and as Substitute Administrator in the sum of One Hundred Eighty-seven Thousand Five Hundred ($187,500.00) dollars, plus interest, costs of suit including reasonable attorneys fees, and such other and further relief as the Court shall deem just and proper.

## THIRD COUNT
## (Breach of Contract)

25.  Plaintiffs repeat and reallege each and every allegation of the Facts Common to All Counts, the First Count and the Second Count as if set forth herein at length.

26.  On or about April 25, 2006, Plaintiffs and Decedent entered into an agreement whereby Plaintiffs agreed to loan to the Decedent, and the Decedent agreed to repay, the sum of One Hundred Eighty-seven Thousand Five Hundred ($187,500.00) dollars.

27. The purpose of the Loans was for the Decedent to purchase shares of stock in a company called World Waste (WDWT) (the "Stock").

28. The agreement further provided that upon the sale of the Stock, Decedent would repay the Loans, with interest.

29. Decedent received the Loans from the Plaintiffs, and purchased the Stock. The Stock declined in value and remained below the purchase for years.

30. During this time period, the WDWT reorganized and became known as Vertex Energy, Inc. (VTNR).

31. The price of the VTNR began to rise, and in April 2014, the Defendant, Lagano, sold the shares in VTNR at a profit.

32. Defendant, Lagano, informed Plaintiffs of the sale and that he would repay the Loans.

33. Despite Defendant, Lagano's promises to pay, Defendant, Lagano, has failed and or refused to repay the Loans.

34. Defendant, Lagano breached the agreement by failing and refusing to repay the Loans.

35. Plaintiffs have been damaged.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, Lagano, individually and as Substitute Administrator for damages in the sum of One Hundred Eighty-seven Thousand Five Hundred ($187,500.00) dollars, plus interest, costs of suit

including reasonable attorneys fees, and such other and further relief as the Court shall deem just and proper.

## FOURTH COUNT
### (Implied Breach of Contract)

36.  Plaintiffs repeat and reallege each and every allegation of the Facts Common to All Counts, the First Count, Second Count and the Third Count as if set forth herein at length.

37.  Defendant, Lagano, breached the implied agreement between the Plaintiffs and Decedent to repay the Loans.

38. Plaintiffs have been damaged.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, Lagano, individually and as Substitute Administrator for damages in the sum of One Hundred Eighty-seven Thousand Five Hundred ($187,500.00) dollars, plus interest, costs of suit including reasonable attorneys fees, and such other and further relief as the Court shall deem just and proper.

## FIFTH COUNT
### (Unjust Enrichment)

36.  Plaintiffs repeat and reallege each and every allegation of the Facts Common to All Counts, the First Count, Second Count, Third Count and Fourth Count as if set forth herein at length.

37. Defendant, Lagano, has received the proceeds from the sale of the shares of VTNR, and has failed to repay the Loans

despite both an acknowledgement of the debt and a promise to repay.

38. Defendant, Lagano's, retention of the proceeds of sale without repaying the Loans unjustly enriches the Defendant, Lagano, to the detriment of the Plaintiffs.

39. Defendant, Lagano, will continue to be unjustly enriched until he is made to disgorge his benefit.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, Lagano, individually and as Substitute Administrator for damages in the sum of One Hundred Eighty-seven Thousand Five Hundred ($187,500.00) dollars, plus interest, costs of suit including reasonable attorneys fees, and such other and further relief as the Court shall deem just and proper.

### SIXTH COUNT
### (N.J.S.A. 3B:22-40)

40. Plaintiffs repeat and reallege each and every allegation of the Facts Common to All Counts, the First Count, Second Count, Third Count, Fourth Count and Fifth Count as if set forth herein at length.

41. By virtue of disclaimer of the Intangible Personal Property and Real Property (the "Disclaimed Assets"), the Disclaimed Assets passed by operation of law to Defendant, Lagano, Anne and Corrine.

42.  As an heir or devisee upon whom a portion of the Disclaimed Assets has passed, Defendant, Lagano, individually is liable for the repayment of the Loans to the Plaintiffs.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, Lagano, individually and as Substitute Administrator for damages in the sum of One Hundred Eighty-seven Thousand Five Hundred ($187,500.00) dollars, plus interest, costs of suit including reasonable attorneys fees, and such other and further relief as the Court shall deem just and proper.

WALSH & WALSH, ESQS.
Attorneys for Plaintiffs

Dated:  Hackensack, New Jersey
        October 11, 2018

JOHN K. WALSH, JR.

10

## CERTIFICATION PURSUANT TO *RULE 4:5-1*

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any Court or of any pending arbitration proceeding and no other action or arbitration proceeding is contemplated.

At the present time, I do not know the names of any other parties who should be joined in this action.

Dated:  Hackensack, New Jersey
        October 11, 2018                         _____
                                                JOHN K. WALSH, JR.


## CERTIFICATION OF COMPLIANCE WITH *RULE 1:38-7(c)*

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with *Rule 1:38-7(b)*.

Dated:  Hackensack, New Jersey
        October 11, 2018                         _____
                                                JOHN K. WALSH, JR.

# EXHIBIT A

*Filed*
*5-24-2007*

STATE OF NEW JERSEY   )
                      )  SS.:
COUNTY OF BERGEN      )

Frank P. Lagano, Jr. says:

1.      I am familiar with the assets in the name of Frank P. Lagano (Sr.) alone discovered to date.

2.      In reviewing the assets with my mother, the decedent's surviving spouse, of the assets in his name alone, I have discovered Montauk Financial Group broker Account No. ~~▓▓▓▓~~ ~~▓▓~~1465 showing a value of $168,875.00.

3.      An uncashed check from Benzel Busch in the sum of $46,500.00.

4.      $2,320.00 in cash.

5.      A personal money market account in the sum of $766.64 at Valley National Bank ~~▓▓▓▓~~8338.

6.      An account in the name of Frank Lagano "dba" Cardinal Custom Homes Inc. in the sum of $707.51 at Valley National Bank ~~▓▓▓~~5636.

7.      My father owned a 2007 750 BMW. A BMW dealer stated it has a used value of $60,000.00. My father owned a 2007 Mercedes Benz SL600. A Mercedes Benz dealer stated it has a used value of $90,000.00.

8.      My father was a 50 percent owner of a New Jersey limited liability company known as Seville Foods LLC which owns a diner. The diner was purchased less than 3 years ago for $2,500,000.00. It has been operating at a loss to date and I have estimated its value at $1,250,000.00.

9.      All debts and expenses have been paid to date including the funeral home bill of Barrett Funeral Home of $11,151.00.

BERGEN COUNTY SURROGATE
MICROr..MED

11.    Expenses of last illness from Raritan Bay Medical Center and Bayview Emergency Associates are $4,586.40 which expenses are being submitted to Medicare and thereafter to a medigap carrier.  It is anticipated that the bills will be paid by insurance and that any balance will not be material.

12.    There is a mortgage on the principal residence owned with my mother in the approximate sum of $100,000.00 secured by the jointly owned property which mortgage payments are current.

13.    The most recent credit card balance with American Express has been paid in full in the sum of $4,393.60.

14.    There are a number of jointly owned assets which are not referred to in this Affidavit which have been the source of the payments made to date.

15.    Inasmuch as my father passed away without a Will leaving my mother as his surviving spouse and myself and two sisters as surviving children of both my father and mother, New Jersey Statutes provide that the entire estate will pass to my mother.  No other assets have been discovered that will result in any property passing to anyone other than my mother. As such, there will be no New Jersey Inheritance Tax, New Jersey Estate Tax, or Federal Estate Tax.

FRANK P. LAGANO, JR.

Sworn and subscribed to
before me this _10th_ day
of May, 2007.

_____ Notary

BARBARA A. HENN
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 9/7/2011

**BERGEN COUNTY SURROGATE
MICROFILMED**

474974_1\007342

# EXHIBIT B

| Docket No.: 2007-1641 | Microfilm No.: |
| --- | --- |

# State of New Jersey
# Bergen County Surrogate's Court

In the matter of the Estate of:

**Frank P. Lagano, Deceased**

}

**AFFIDAVIT OF VALUE
OF ESTATE**

**Frances Lagano**, of 147 Buckingham Road, Tenafly, NJ 07670, being duly sworn, according to law, on their oath say(s): that they are the person(s) applying for Administration on the estate of **Frank P. Lagano**, who died intestate; that the deponent(s) has/have made diligent search for the goods and chattels, rights and credits and effects of said decedent, and that the total value thereof, to the best of deponent(s) knowledge, does not exceed the sum of $1,619,169.15.

IN WITNESS WHEREOF, I (we) have hereunto set my (our) hand(s) and seal(s) this ___5__ / _21_ / _2007_

_Frances Lagano_
Frances Lagano

Subscribed and sworn to before me

this ___21st___ day of ___May___, 2007

_Katherine V. Brown_

**PROBATE CLERK**

BERGEN COUNTY SURROGATE
MICROFILMED

AVE

Page 1 of 1

**EXHIBIT C**

*C# 2007-1641*
*m# 233576*
*filed 1-10-08*
*VMC*

**BEATTIE PADOVANO, LLC**
50 Chestnut Ridge Road
Montvale, New Jersey 07645
(201) 573-1810
Attorneys for Estate of Frank P. Lagano

**SUPERIOR COURT OF NEW JERSEY**
**SURROGATE COURT**
**BERGEN COUNTY**

---

IN THE MATTER OF THE ESTATE OF
FRANK P. LAGANO, DECEASED

---

Docket No. 2007-1641

Civil Action

**DISCLAIMER AS TO INTANGIBLE**
**PERSONAL PROPERTY**

WHEREAS, FRANK P. LAGANO, (the "Decedent") died intestate on April 12, 2007 leaving the undersigned as his surviving spouse and heir under the laws of intestacy; and

WHEREAS, the undersigned now desires to disclaim and release certain rights in and to a portion of the Decedent's estate;

NOW THEREFORE, I, FRANCES LAGANO, surviving spouse of FRANK P. LAGANO, intestate, do hereby forever, irrevocably, and for no consideration, disclaim, relinquish, surrender and release any and all right, title, or interest or claim I may have to the following property or rights as heir under the laws of intestacy:

A.    12,500 shares of SIGA Technologies Inc. stock having a date of death value of $67,000.00

**BERGEN COUNTY SURROGATE**
**MICROFILMED**

493323_2\007342

B.    An ownership interest in Seville Food, LLC, a New Jersey limited liability company, having a date of death value of $276,000.00, estimated to be a 24% ownership interest.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 3 day of January, 2008.

*Frances Lagano*

FRANCES LAGANO

STATE OF NEW JERSEY, COUNTY OF BERGEN          ss.:

BE IT REMEMBERED on this 3 day of January, 2008, before me the subscriber, personally appeared FRANCES LAGANO, who I am satisfied is the person named in the foregoing instrument and having first made known to her the contents thereof, she did thereupon acknowledge that she signed, sealed and delivered the aforesaid instrument as her voluntary act and deed for the uses and purposes therein expressed.

*Frank Lagano Esq.*

Notary

Attorney at Law in State of NJ

Receipt of the foregoing disclaimer is hereby acknowledged this 3 day of January, 2008.

*Frances Lagano*

FRANCES LAGANO
Administratrix of the Estate of
FRANK P. LAGANO

STATE OF NEW JERSEY, COUNTY OF BERGEN          ss.:

BERGEN COUNTY SURROGATE
MICROFILMED

BE IT REMEMBERED on this 3 day of January, 2008, before me the subscriber, personally appeared FRANCIS LAGANO, who I am satisfied is the person named in the foregoing instrument and having first made known to her the contents thereof, she did thereupon acknowledge that she signed, sealed and delivered the aforesaid instrument as her voluntary act and deed for the uses and purposes therein expressed.

*Frank Lagano Esq.*

Notary

Attorney at Law in State of NJ.

493323_2\007342

**EXHIBIT D**

m# 233576
filed 1-10-08

RECORD AND RETURN TO:
BEATTIE PADOVANO, LLC
P.O. Box 244
Montvale, New Jersey 07645
Attn: Emery C. Duell, Esq.
Attorneys for Estate of Frank P. Lagano

SUPERIOR COURT OF NEW JERSEY
SURROGATE COURT
BERGEN COUNTY

IN THE MATTER OF THE ESTATE OF
FRANK P. LAGANO, DECEASED

Docket No. 2007-1641

Civil Action

DISCLAIMER AS TO REAL PROPERTY
147 BUCKINGHAM ROAD, TENAFLY,
NEW JERSEY

WHEREAS, FRANK P. LAGANO, (the "Decedent") died intestate on April 12, 2007

leaving the undersigned as his surviving spouse and sole heir under the laws of intestacy; and

WHEREAS, the undersigned now desires to disclaim and release certain rights in and to

a portion of the Decedent's estate; and

WHEREAS, the decedent, FRANCES LAGANO, and the undersigned were tenants by

the entireties in property commonly known as 147 Buckingham Road, Tenafly, Bergen County,

New Jersey, appearing in Deed Book 8249 at Page 524 acquired by us in 2000;

NOW THEREFORE, I, FRANCES LAGANO, surviving spouse and surviving tenant by

the entirety of FRANK P. LAGANO, intestate, do hereby forever, irrevocably, and for no

consideration, disclaim, relinquish, surrender and release any and all right, title, or interest or

claim I may have in and to the sum of One Million Five Hundred Thousand and No/100 Dollars

($1,500,000) (but not more than 50%) in value of the survivorship interest in the real property in

the names of the decedent, FRANK P. LAGANO, and the undersigned, by the entireties,

specifically

493332_3\007342

BERGEN COUNTY SURROGATE
MICROFILMED

described on Schedule A attached hereto, commonly known as 147 Buckingham Road, Tenafly,

Bergen County, New Jersey.

I further irrevocably, and for no consideration, disclaim, relinquish, surrender and release

any and all right, title, or interest or claim I may have in and to the foregoing disclaimed portion

of the survivorship interest as heir of the intestate Decedent.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this ___3___ day of

January, 2008.

FRANCES LAGANO

STATE OF NEW JERSEY, COUNTY OF BERGEN      ss.:

BE IT REMEMBERED on this __3___ day of January, 2008, before me the subscriber,
personally appeared FRANCES  LAGANO, who I am satisfied is the person named in the
foregoing instrument and having first made known to her the contents thereof, she did thereupon
acknowledge that she signed, sealed and delivered the aforesaid instrument as her voluntary act
and deed for the uses and purposes therein expressed.

Notary

Attorney at Law in State of NJ

Receipt of the foregoing disclaimer is hereby acknowledged this ⌐3 day of January,
2008.

FRANCES LAGANO
Administratrix of the Estate of
FRANK P. LAGANO

STATE OF NEW JERSEY, COUNTY OF BERGEN      ss.:

BE IT REMEMBERED on this __3___ day of January, 2008, before me the subscriber,
personally appeared FRANCES  LAGANO, who I am satisfied is the person named in the
foregoing instrument and having first made known to her the contents thereof, she did thereupon

2

BERGEN COUNTY SURROGATE
MICROFILMED

acknowledge that she signed, sealed and delivered the aforesaid instrument as her voluntary act and deed for the uses and purposes therein expressed.

*Frank ~~~~ Esq.*
Notary

*Attorney at Law in State of NJ*

Receipt of the foregoing disclaimer is hereby acknowledged this ⟨3⟩ day of January, 2008.

*Frances Lagano*
FRANCES LAGANO
Administratrix of the Estate of
FRANK P. LAGANO

STATE OF NEW JERSEY, COUNTY OF BERGEN      ss.:

BE IT REMEMBERED on this **3** day of January, 2008, before me the subscriber, personally appeared FRANCES LAGANO, who I am satisfied is the person named in the foregoing instrument and having first made known to her the contents thereof, she did thereupon

2

493332_3\007342

**BERGEN COUNTY SURROGATE**
**MICROFILMED**

acknowledge that she signed, sealed and delivered the aforesaid instrument as her voluntary act and deed for the uses and purposes therein expressed.

*Frank ~~~~ Esq.*
Notary

*Attorney at Law in State of NJ.*

## LEGAL DESCRIPTION

All that certain lot, parcel or tract of land, situate and lying in the Borough of Tenafly, County of Bergen and State of New Jersey being more particularly described as follows:

BEING KNOWN AND DESIGNATED as Lot 6 in Block 355, Section IV as shown on map entitled "Section III & IV of Extension of Stonehurst Manor, prepared for James D'Agostino", Borough of Tenafly, Bergen County, New Jersey, Plot Plan duly filed in the Bergen County Clerk's Office on March 11, 1955 as Map No. 4799.

BEGINNING at a point in the easterly line of Buckingham Road (50'wide) said point being distant 140.365 feet westerly from its projected intersection with the northerly line of Woodland Street, as produced, and from said point of beginning running thence

1) Along the same, on a curve bearing to the right having a radius of 2360.00 feet an arc length of 160.00 feet to a point, thence
2) North 04 degrees 24 minutes 15 seconds West, 275.00 feet to a point, thence
3) North 83 degrees 39 minutes 14 seconds East, 141.33 feet to a point, thence
4) South 08 degrees 17 minutes 19 seconds East, 275.00 feet to the point and place of BEGINNING.
5)

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 3 in Block 3003 on the Borough of Tenafly Tax Map.

FOR INFORMATIONAL PURPOSES ONLY: BEING COMMONLY KNOWN AS 147 Buckingham Road, Tenafly, NJ 07670

BERGEN COUNTY SURROGATE
MICROFILMED

# EXHIBIT E

| Docket No.: 2007-1641 | Microfilm No.: M-233576 |

# State of New Jersey
## Bergen County Surrogate's Court

In the matter of the Estate of:

**Frank P. Lagano, Deceased**

}

### AFFIDAVIT OF VALUE
### OF ESTATE

**Frank Lagano**, of 147 Buckingham Road, Tenafly, NJ 07670, being duly sworn, according to law, on their

oath say(s):  that they are the person(s) applying for Substitute Administration on the estate of **Frank P.**

**Lagano**, who died intestate; that the deponent(s) has/have made diligent search for the goods and chattels,

rights and credits and effects of said decedent, and that the total value thereof, to the best of deponent(s)

knowledge, does not exceed the sum of $1,619,169.15.


IN WITNESS WHEREOF, I (we) have hereunto set my (our) hand(s) and seal(s) this _3 / 28 / 2012_

_Frank Lagano_

Subscribed and sworn to before me

this _20th_ day of _March_ , 20_12_

**Deputy Surrogate**

AVE.DOC

Page 1 of 1

**EXHIBIT F**

**Know all Men by these Presents**, *That we*, Frank Lagano of 147 Buckingham Dr., Tenafly, NJ as principal and Liberty Mutual Insurance Company of 450 Plymouth Road, Suite 400, Plymouth Meeting, PA 19462 as surety

are held and firmly bound unto the Superior Court of the State of New Jersey, in the sum of

One Thousand and 00/100———————————————, lawful money of the United States, to be paid to the said Superior Court, to which payment, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents. Sealed with our seals, and dated the 20th day of March , in the year (2012) Two Thousand Twelve Surety hereby submits itself to the jurisdiction of the Superior Court of New Jersey and irrevocably appoints the Clerk of said Court as its agent upon whom any papers affecting its liability on this bond may be served; it is also a provision of this bond that the liability of the aforesaid surety may be enforced on motion without the necessity of an independent action; and that the motion and such notice of the motion as the court prescribes may be served on the clerk of the aforesaid court who shall forthwith mail copies to the aforesaid surety at the address given in this bond.

THE CONDITION OF THIS OBLIGATION IS SUCH, That if the above bounden substitute

administrat or of all and singular the goods, chattels and credits of Frank P. Lagano

late of the County of Bergen, deceased, to make, or cause to be made a true and perfect inventory of all and singular the goods, chattels and credits of the said deceased, which have or shall come to the hands, possession or knowledge of the said Frank P. Lagano or into the hands or possession of any other person or persons for the said Frank P. Lagano and the same so made, do exhibit or cause to be exhibited in the Surrogate's Court of the County of Bergen, at or before the expiration of three calendar months from the date of the above writen Obligation, and the same goods, chattels and credits, and all other goods, chattels and credits of the said deceased, at the time of his death, which at any time after shall come to the hands or possession of the said substitute administrator , or into the hands of any other person or persons for the said Frank P. Lagano , do well and truly administer according to law; and further do make, or cause to be made, a just and true account of administration, within twelve calendar months from the date of the above written obligation; and all the rest and residue of the said goods, chattels and credits which shall be found remaining upon the account of the said administration, the same being first examined and allowed by the Superior Court, Chancery Division, Probate Pact,Bergen County or other competent authority, shall deliver and pay unto such person or persons respectively, as is, are or shall by law be entitled to receive the same. And if it shall hereafter appear that any last Will and Testament was made by the said deceased, and the executor or executors therein named, or any other person or persons, do exhibit the same in the said Surrogate's Court, making request to have it allowed and approved; if the said substitute administrator being thereunto required, do render and deliver the said letters of administration (approbation of such testament being first had or made) to the said Surrogate, then the above obligation to be void and of non effect, or else remain in full force and virtue.

SIGNED, SEALED AND DELIVERED
IN THE PRESENCE OF

*Sharon A Borys*
Deputy Surrogate

APPROVED:

*Michael R. Dressler*
SURROGATE

BY: *Sharon A Borys*
DEPUTY SURROGATE

_____ (SEAL)
Frank Lagano

_____ (SEAL)
Liberty Mutual Insurance Company (SEAL)

By: *Thomas A Maher* (SEAL)
Thomas A. Maher, Attorney-in-Fact

_____ (SEAL)
*Mary Ann Brizzolara*
Witness as to Surety  Mary Ann Brizzolara

BOND NUMBER:



**BOND NUMBER:** ~~_____~~

4555144

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

## LIBERTY MUTUAL INSURANCE COMPANY
### BOSTON, MASSACHUSETTS
### POWER OF ATTORNEY

**KNOW ALL PERSONS BY THESE PRESENTS:** That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint

**THOMAS A. MAHER, MARY ANN BRIZZOLARA, ALL OF THE CITY OF HACKENSACK, STATE OF NEW JERSEY.**

****************************************************************************************************************
**********************************************************************************************************************

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **TEN MILLION AND 00/100********************************** DOLLARS ($ **10,000,000.00**************************** ) each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.

Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this __29th__ day of __April__ __2011__ .



LIBERTY MUTUAL INSURANCE COMPANY

By_____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF MONTGOMERY        ss

On this __29th__ day of __April__ , __2011__ , before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.



COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires March 28, 2013
Member, Pennsylvania Association of Notaries

By_____
Teresa Pastella, Notary Public

**CERTIFICATE**

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this __20th__ day of __March__ , __2012__ .

By_____
David M. Carey, Assistant Secretary

*left margin, rotated:* Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.

*right margin, rotated:* To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.



### LIBERTY MUTUAL INSURANCE COMPANY

### FINANCIAL STATEMENT — DECEMBER 31, 2010

| Assets | | Liabilities | |
|---|---|---|---|
| Cash and Bank Deposits | $ 795,278,733 | Unearned Premiums | $3,502,531,059 |
| *Bonds — U.S Government | 928,976,332 | Reserve for Claims and Claims Expense | 15,450,806,243 |
| *Other Bonds | 12,269,586,768 | Funds Held Under Reinsurance Treaties | 1,764,193,716 |
| *Stocks | 8,410,330,089 | Reserve for Dividends to Policyholders | 4,776,435 |
| Real Estate | 280,897,925 | Additional Statutory Reserve | 89,441,297 |
| Agents' Balances or Uncollected Premiums | 2,971,477,549 | Reserve for Commissions, Taxes and Other Liabilities | 2,126,508,564 |
| Accrued Interest and Rents | 156,129,412 | Total | $22,938,257,314 |
| Other Admitted Assets | 10,888,871,535 | Special Surplus Funds ........ $1,218,426,655 | |
| | | Capital Stock ...................... 10,000,000 | |
| | | Paid in Surplus ................... 7,731,965,815 | |
| | | Unassigned Surplus .......... 4,802,898,559 | |
| Total Admitted Assets | $36,701,548,343 | Surplus to Policyholders | 13,763,291,029 |
| | | Total Liabilities and Surplus | $36,701,548,343 |



\* Bonds are stated at amortized or investment value; Stocks at Association Market Values.
The foregoing financial information is taken from Liberty Mutual Insurance Company's financial
statement filed with the state of Massachusetts Department of Insurance.

I, TIM MIKOLAJEWSKI, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the foregoing is a true, and
correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2010, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 29th day of
March, 2011.

_T AMikolajewski_

**Assistant Secretary**

**EXHIBIT G**



**EXHIBIT H**



Check 1006, Amount $62,500.00  Date Presented 5/1/2006

# EXHIBIT I

**ASSIGNMENT**

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, on April 27, 2006, Tracy Trobiano ("Assignor") lent the sum of Sixty-two Thousand Five Hundred ($62,500.00) dollars (the "Loan") to Frank P. Lagano ("Debtor"); and

WHEREAS, Debtor died on April 12, 2007 and his son, Frank P. Lagano, Jr. was appointed as the Substitutionary Administrator of the Debtor's estate ("Substitute Administrator"); and

WHEREAS, neither the Debtor nor the Substitute Administrator has repaid the Loan to the Assignor; and

WHEREAS, the Assignor acknowledges that all conditions precedent to the collection of this Loan have been satisfied; and

WHEREAS, the Assignor, for and in consideration of the sum of Ten ($10.00) dollars, and other sound and valuable consideration, the receipt and adequacy of which is hereby acknowledged, does by these presents assign to Anthony Trobiano (the "Assignee"), all right, title and interest in and to the Loan as if the Assignee had been the original lender.

TO HAVE AND TO HOLD the same unto the said Assignee, his successors and assigns absolutely and forever.

AND, further the said Assignor hereby constitutes and appoints the Assignee as the Assignor's true and lawful attorney, irrevocable in law or in equity, in the Assignor's name, place and stead but at the Assignee's cost and expense, to have, use and take all lawful ways and means for the recovery of all the said money and interest; and in case of payment, to discharge the same as fully as the Assignor might or could do if these presents were not made.

AND further the Assignor covenants that there is due and owing the sum of $62,500.00 and interest and that there are no setoffs, counterclaims or defenses against the same, in law or in equity, nor have there been any modifications or other changes in the original terms thereof, other than as stated herein.

In all references herein to any parties, persons, entities or corporations the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

IN WITNESS WHEREOF, the said Assignor has hereunto set his hand and seal or caused these presents to be signed by its proper officers this 1st day of August 2018.

_____
TRACY TROBIANO

SIGNED, SEALED AND DELIVERED IN
THE PRESENCE OF OR ATTESTED BY

By: _____
TAMI TROBIANO

**STATE OF NEW JERSEY**
**COUNTY OF BERGEN**

BE IT REMEMBERED, that on August 1, 2018, before me, the subscriber, a notary public, personally appeared TRACY TROBIANO, who, I am satisfied, is the person named in and who executed the within Instrument, and thereupon she acknowledged that she signed, sealed and delivered the same as her act and deed, for the uses and purposes therein expressed.

_____
Notary

**MARY GRACE MORONE**
**NOTARY PUBLIC OF NEW JERSEY**
**Comm. # 50083286**
**My Commission Expires 5/25/2023**

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-007374-18

**Case Caption:** TROBIANO ANTHONY  VS LAGANO, JR. FRANK

**Case Initiation Date:** 10/11/2018

**Attorney Name:** JOHN K WALSH JR

**Firm Name:** WALSH & WALSH

**Address:** 55 STATE STREET

HACKENSACK NJ 07601

**Phone:**

**Name of Party:** PLAINTIFF : Trobiano, Anthony

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** BOOK ACCOUNT (DEBT COLLECTION MATTERS ONLY)

**Document Type:** Complaint

**Jury Demand:** NONE

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/11/2018

Dated

/s/ JOHN K WALSH JR

Signed

# EXHIBIT 2

*Walsh & Walsh*

COUNSELLORS AT LAW
55 STATE STREET
HACKENSACK, NEW JERSEY 07601-5426

FIRST-CLASS

US POSTAGE
$ 000.47⁰
02 1P
0001161992    JAN 16 2019
MAILED FROM ZIP CODE 07601

Frank Lagano, Esq.

New York, New York 10021

10021$2427 C249