UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

ANTHONY TROBIANO,

        Plaintiff,

v.

LAGANO, et al.

        Defendants.

Civil Action No.

2:19-CV-4886-MCA-SCM

**ON PLAINTIFF'S MOTION TO REMAND**

**[D.E. 2]**

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

      Before the Court is Plaintiff Anthony Trobiano's ("Mr. Trobiano") motion to remand this case to state court.[1] Defendant Frank Lagano, Esq. ("Mr. Lagano") opposes the motion and cross moves to amend his Notice of Removal.[2] Mr. Trobiano filed a reply certification.[3] The Honorable Madeline Cox Arleo, U.S.D.J., referred the instant matter to the undersigned for report and recommendation.[4] After considering the parties' submissions, the Court decides the matter without oral argument.[5] For the reasons set forth herein, it is respectfully recommended that Mr. Trobiano's

---

[1] (Electronic Case Filing Docket Entry ("D.E.") 2, Pl's. Mot. to Remand). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] (D.E. 3, Def.'s Opp'n & Cross-Mot.). The Court notes that the *pro se* defendant is admitted to practice law within this District.

[3] (D.E. 4, Pl.'s Reply).

[4] L. Civ. R. 72.1(a)(2).

[5] *See* Fed. R. Civ. P. 78.

motion to remand be **DENIED**, and Mr. Lagano's motion to amend his Notice of Removal be **DENIED**.

I. BACKGROUND

This action concerns the recovery of an alleged debt owed to Mr. Trobiano. Mr. Trobiano alleges that Frank P. Lagano ("Decedent"), who died in 2007, owes him $187,500.00, which Mr. Trobiano loaned to Decedent prior to Decedent's death.[6] Decedent's surviving spouse, Frances Lagano, was appointed as administratrix to Decedent's intestate estate (the "Estate") until her death in 2011.[7] In 2012, Mr. Lagano, Decedent's son, applied to the Surrogate of Bergen County the "Surrogate") for substitute administration of the Estate, and subsequently was bound with Defendant Liberty Mutual Insurance Company ("Liberty Mutual") as the surety.[8] Mr. Lagano contends that the Estate was closed in 2009 with the exception of two pending lawsuits, and in order to continue the prosecution and defense of those lawsuits, Mr. Lagano applied to be substitute administrator.[9] Mr. Trobiano contends that in August 2018 he made a written demand to Mr. Lagano for repayment of the loans, and Mr. Lagano refused.[10]

On October 11, 2018, Mr. Trobiano—individually and as trustee of the Anthony Trobiano Trust—filed the instant action in the Superior Court of New Jersey against Mr. Lagano—individually and as the substitute administrator of the Estate—and Liberty Mutual.[11] On February

---

[6] (D.E. 1-2, Compl., at ¶¶ 2, 15–19).

[7] (*Id.*, at ¶¶ 4, 10).

[8] (*Id.*, Exs. E–F).

[9] (D.E. 3, Def.'s Opp'n, at 2–3; Ex. 2).

[10] (D.E. 1-2, Compl., at ¶¶ 19–21).

[11] (D.E. 1, Notice of Removal, at ¶ 1).

2

6, 2019, Mr. Lagano removed the action to federal court on the grounds of diversity jurisdiction.[12] In his Notice of Removal, Mr. Lagano states that Mr. Trobiano had not filed proof of service upon Liberty Mutual and failed to effect proper service upon him.[13] To date, Liberty Mutual has not entered an appearance.

## II. LEGAL STANDARD

A claim first brought in state court may be removed to federal court under 28 U.S.C § 1441.[14] When there is an alleged defect in the removal procedure or a lack of subject matter jurisdiction, a party may move to remand the issue back to state court.[15] The Third Circuit directs its courts to strictly construe 28 U.S.C. § 1441 against removal and to resolve all doubts in favor of remand.[16] It is presumed "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record."[17] As a result, "[t]he burden is on the removing party to show the case belongs in federal court."[18]

---

[12] (D.E. 1, Notice of Removal).

[13] (*Id.*, at ¶¶ 3–4).

[14] *See* 28 U.S.C. § 1441(a).

[15] *See* 28 U.S.C. § 1447(c).

[16] *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

[17] *DeJoseph v. Cont'l Airlines, Inc.*, 18 F. Supp. 3d 595, 598 (D.N.J. 2014) (quoting *Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

[18] *Constantino v. Cont'l Airlines, Inc.*, No. 13-1770, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

Under 28 U.S.C. § 1441(a), a civil action brought in state court may be removed by a defendant to the proper federal district court with original jurisdiction.[19] Removal requires an independent ground for subject matter jurisdiction such as diversity jurisdiction or federal question jurisdiction.[20] Under 28 U.S.C. § 1446(b), a notice of removal of a civil action or proceeding shall be filed within thirty days after the defendant is successfully served with process.[21]

A case removed from state court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[22] When a defendant's notice of removal is procedurally defective, a plaintiff may file a motion to remand the case to state court.[23] For such defects, a plaintiff must file its motion to remand within 30 days after the notice of removal.[24] If the defendant's notice of removal is untimely and the plaintiff's motion to remand is timely, a court may remand the case to state court.[25]

---

[19] *See* 28 U.S.C. § 1441(a).

[20] *See* 28 U.S.C. § 1441.

[21] 28 U.S.C. § 1446(b)(1).

[22] 28 U.S.C. § 1447(c).

[23] *See id.* ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 468 (D.N.J. 2013) (remanding case after determining that the defendant's removal was untimely).

[24] 28 U.S.C. § 1447(c).

[25] *See, e.g.*, *H.S.B.C. Bank U.S.A., N.A. v. Ruffolo*, No. 15-2891, 2015 WL 9460560, at *2–4 (D.N.J. Dec. 23, 2015) (remanding case to state court because the defendant missed Section 1446(b)'s filing deadline after receiving the complaint); *G.M.A.C. Mortg., L.L.C. v. Barel*, No. 11-3329, 2011 WL 5833988, at *2 (D.N.J. Nov. 17, 2011) (remanding case to state court because the defendant's notice of removal was untimely and the plaintiff's motion to remand was timely).

## III. DISCUSSION AND ANALYSIS

Mr. Trobiano argues that this Court should remand the matter to state court because Mr. Lagano untimely filed his Notice of Removal and this matter lacks complete diversity of jurisdiction.[26]

### A. Notice of Removal

Mr. Trobiano argues that Mr. Lagano untimely filed his Notice of Removal, as his filing occurred more than thirty days after service of the complaint.[27] Mr. Lagano disagrees and argues that the thirty-day period was never triggered. The parties dispute the proper service of the complaint.

Mr. Lagano appears in this matter both individually and as the substitute administrator of the Estate. Mr. Trobiano served the Surrogate on October 23, 2018, and argues that this service is proper for this matter.[28] He explains that the Surrogate notified Mr. Lagano of the service by mailing him a letter with the proof of service to the New Jersey address he provided in his power of attorney.[29] Further, he explains that in November 2018, Mr. Lagano acknowledged receipt of a letter from Liberty Mutual concerning this lawsuit.[30] Mr. Trobiano thus argues that Mr. Lagano's removal of this action in February 2019 is well beyond the thirty days permitted for a notice of removal to be filed.

---

[26] (D.E. 2-2, Pl.'s Mot. to Remand Br., at 3–4).

[27] (*Id.*, at 3).

[28] (*Id.*, at 3–4).

[29] (D.E. 2-1, Cert., at ¶ 10, Ex. B).

[30] (D.E. 2-2, Pl.'s Mot. to Remand Br., at 3; D.E. 2-1, Cert., at ¶ 15, Ex. D).

Mr. Lagano contends that the thirty-day triggering period never occurred because neither as an individual nor the substitute administrator, did he receive actual or constructive service.[31] He asserts that it was not until January 18, 2019 that Mr. Trobiano apprised Mr. Lagano of the alleged constructive service and Mr. Lagano acted shortly thereafter.

The Third Circuit has rejected a plaintiff's argument that once a defendant "was properly served in his official capacity, he was properly before the court in both individual and official capacities."[32] The Court has not found, nor does Mr. Trobiano offer, any precedent for determining that proper service in Mr. Lagano's capacity as substitute administrator qualifies as proper service upon him as an individual. The Court, however, is guided by this Third Circuit holding and will conduct an analysis for service upon Mr. Lagano in each of his capacities.

The Court first considers service upon Mr. Lagano as an individual. Mr. Trobiano does not assert that he served Mr. Lagano in his individual capacity. Instead, he relies upon 28 U.S.C. § 1446(b) to assert that Mr. Lagano's acknowledgment of receipt of the complaint suffices.[33] Section 1446(b)(1) requires a notice of removal to be filed "within 30 days after the receipt by the defendant, through service or *otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[34] Mr. Trobiano argues Mr. Lagano's acknowledgement of the complaint qualifies as "otherwise" receipt.

The Supreme Court has recognized that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through

---

[31] (D.E. 3, Def.'s Opp'n & Cross-Mot., at 12).

[32] *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980).

[33] (D.E. 2-2, Pl.'s Mot. to Remand Br., at 3).

[34] 28 U.S.C. § 1446(b)(1) (emphasis added).

6

service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service.*"[35] Thus, the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service.[36]

The fact that Mr. Lagano was on notice of the complaint, received the complaint, and spoke with Mr. Trobiano's counsel about the matter, does not change that he "is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."[37] The mere notice of an action, whether in the form of a courtesy copy of a complaint or the representations of counsel, does not start the notice of removal clock without formal service of process.[38] Mr. Trobiano failed to perfect service upon Mr. Lagano in his individual capacity, and there is no evidence that prior to the filing of Mr. Lagano's cross-motion to amend his Notice of Removal Mr. Lagano waived service. Thus, the removal period for Mr. Lagano as an individual was never triggered.

The Court next considers service upon Mr. Lagano as substitute administrator of the Estate. In March 2012, on the same date that he became substitute administrator, Mr. Lagano signed an authorization for the Surrogate to accept service of process as administrator in the matter of the Estate (the "Authorization"), effectively a power of attorney.[39] The Authorization appointed the Surrogate as the attorney "whom may be served any and all process affecting the aforesaid

---

[35] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (emphasis added).

[36] *Id.* at 350.

[37] *Id.* at 347.

[38] *See Galvanek v. AT&T, Inc.*, No. 07-2759, 2007 WL 3256701, at *4 (D.N.J. Nov. 5, 2007).

[39] (D.E. 4, Pl.'s Reply, Ex. A).

7

estate."[40] Mr. Lagano's signature appears under the statement: "And I (we) do further agree that any process against the aforesaid estate, so served, shall be of the same effect as if duly served upon me (us) within this State, pursuant to the provisions of N.J.S.A. 3B:14-47."[41]

After receiving service, the Surrogate sent, via regular and certified mail, the pleadings to Mr. Lagano[42] at the address he provided to the Surrogate on the day he applied to be substitute administrator.[43] Mr. Lagano contends that he did not receive this correspondence because he did not reside at that address during the relevant period. He provides that the certified mail tracking number on the correspondence indicates that the letter was undeliverable and returned to the Surrogate.[44]

The parties do not address the legal role of the Surrogate and the implications of service upon it. There is a distinction between agents designated by statute, and agents designated and selected by a party to receive process.[45] "Statutory agents, unlike agents in fact, have both limited purpose and limited power."[46] They "are not true agents but are merely a medium for transmitting the relevant papers."[47] The Third Circuit has not directly addressed whether service on a statutory

---

[40] (*Id.*).

[41] (*Id.*).

[42] (D.E. 2-1, Pl.'s Mot. to Remand, Ex. B).

[43] (D.E. 4, Pl.'s Reply, Exs. A–C).

[44] (D.E. 3, Def.'s Opp'n, at 3, Ex. 4).

[45] *See Tucci v. Hartford Fin. Servs. Grp.,* 600 F. Supp. 2d 630, 631–33 (D.N.J. 2009).

[46] *Id.* at 633.

[47] *Id.* (citations omitted). *See also Taphouse v. Home Ins. Co.*, 885 F. Supp. 158, 160 (E.D. Mich. 1995); *Skidaway Assocs., Ltd. v. Glens Falls Ins. Co.,* 738 F. Supp. 980, 982 (D.S.C. 1990).

agent triggers the removal period, like it does for an agent in fact. However, "the vast majority of courts . . . have held that the thirty-day period for removal does *not* commence with service on a statutory agent, but instead when the defendant [or an agent in fact] receives the summons and complaint."[48] This District has agreed by holding that "receipt by a statutory agent does not constitute 'receipt by defendant' under Section 1446(b)."[49]

Neither party asserts which type of agent it believes the Surrogate to be. Mr. Lagano signed the Authorization as permitted under New Jersey statute. The language of the Authorization states that the service "shall be the same effect as if duly served upon me (us) within this State."[50] New Jersey law requires surrogates to "notify the fiduciary of the service by mailing a letter, with a copy of the process served inclosed, with full postage prepaid, directed to the fiduciary at the post office address given in the power of attorney."[51] Here, the Surrogate did just that.

The record reflects that Mr. Lagano failed to provide the Surrogate with an updated address in relation to this Estate. Mr. Lagano provides his correspondences with the Surrogate at his New

---

[48] *Tucci,* 600 F. Supp. 2d at 633–34 (emphasis added) (citing *see, e.g., Gordon v. Hartford Fire Ins. Co.,* 105 F. App'x 476 (4th Cir. 2004); *Lynch v. Coinmaster USA, Inc.,* No. 06-365, 2006 WL 2616217 (D. Del. Sept. 12, 2006); *Burton v. Cont'l Cas. Co.,* 431 F. Supp. 2d 651 (S.D. Miss. 2006); *White v. Lively,* 304 F. Supp. 2d 829 (W.D. Va. 2004); *Lilly v. CSX Transp. Inc.,* 186 F. Supp. 2d 672 (S.D.W. Va. 2002); *Hibernia Cmty. Dev. Corp. Inc. v. U.S.E. Cmty. Servs. Grp., Inc.,* 166 F. Supp. 2d 511 (E.D. La. 2001); *Wilbert v. UNUM Life Ins. Co.,* 981 F. Supp. 61 (D.R.I. 1997); *Medina v. Wal-Mart Stores, Inc.,* 945 F. Supp. 519 (W.D.N.Y. 1996); *Taphouse v. Home Ins. Co.,* 885 F. Supp. 158 (E.D. Mich. 1995); *Skidaway Assoc., Ltd. v. Glens Falls Ins. Co.,* 738 F. Supp. 980 (D.S.C. 1990); *Kurtz v. Harris,* 245 F. Supp. 752 (S.D. Tex. 1965); *Mahony v. Witt Ice & Gas Co.,* 131 F. Supp. 564 (W.D. Mo. 1955)).

[49] *Tucci,* 600 F. Supp. 2d at 634.

[50] (D.E. 4, Pl.'s Reply, Ex. A).

[51] N.J.S.A. 3B:14-48.

York address, but they relate to his mother's estate, not this Estate.[52] Although he represents that he resided in New York since or before 2006, in 2012 he provided the Surrogate with a New Jersey address. The Court has no basis to find that the Surrogate maintained a New York address for Mr. Lagano in relation to this Estate.

Although the Court is inclined to deem the Surrogate a statutory agent, it hesitates to do so. The Authorization's language specifies that service "shall be of the same effect as if duly served upon me (us) within this State," which suggests that the Surrogate's agency is more akin to an agent in fact. Although the Surrogate followed the proper procedure, Mr. Lagano's failure to provide an updated address frustrated service. If the Surrogate acted as a fact agent, then service upon the Surrogate sufficed. If, however, the Surrogate acted as a statutory agent, then service upon the Surrogate did not suffice as proper service. Interestingly though, service upon the Surrogate acting as a statutory agent would have never been proper unless Mr. Lagano updated his address. This seems to contravene the purpose of the statute, which is to ensure service.

In essence, it is of no moment whether the Surrogate is deemed a statutory agent or an agent in fact. Even if Mr. Trobiano properly had Mr. Lagano served as substitute administrator—thereby effectively deeming the Surrogate an agent in fact—Mr. Lagano appears in this case also as an individual. Mr. Trobiano failed to have Mr. Lagano served as an individual thereby never starting his removal clock.

The Court next considers the timing of Mr. Lagano's removal. Mr. Lagano explains that it was not until Mr. Trobiano's counsel's letter dated January 18, 2019 to his New York address that

---

[52] (*See* D.E. 3, Def.'s Opp'n, at Ex. 3 ("Re: Estate of Frances A. Lagano")).

he learned that he was allegedly constructively served by the Surrogate in his capacity as substitute administrator.[53] He then filed his Notice of Removal on February 6, 2019.

Mr. Lagano removed this action prior to being properly served as an individual. Thus, as an individual, he prematurely removed this action. This procedural defect, however, does not warrant remand. This is so because the removal "was not the result of bad faith or undue delay" by Mr. Lagano and a remand to the state court for Mr. Trobiano to formally perfect service so that Mr. Lagano can properly remove the case to this District Court would be "a waste of judicial resources."[54] Mr. Lagano filed his Notice of Removal within 30 days of receiving the January 18, 2019 notice, although not required to do so.

The Court also considers the later-served defendant rule, in the instance that service upon the Surrogate sufficed. The rule permits earlier served defendants to join a later-served defendant's notice of removal, even if the earlier defendants' thirty-day window has closed, so long as the later-served defendant files a timely notice of removal.[55] Because Mr. Lagano had not been served in his individual capacity, the filing period had not expired when he filed the Notice of Removal in both of his capacities as an individual and substitute administrator. Accordingly, Mr. Lagano's timing of the filing of his Notice of Removal does not warrant remand.

B. Diversity of Citizenship

Mr. Trobiano asserts that there is a lack of complete diversity of citizenship.[56] He explains that Decedent resided in New Jersey and as the substitute administrator, Mr. Lagano is deemed a

---

[53] (D.E. 3, Def.'s Opp'n, at 14).

[54] *Calhoun v. Murray*, 507 Fed. App'x 251, 260 (3d Cir. 2012).

[55] 28 U.S.C. § 1446(b)(2)(C).

[56] (D.E. 2-2, Pl.'s Mot. to Remand Br., at 4).

resident of New Jersey.[57] Mr. Trobiano asserts that he too is a citizen of New Jersey, and thus diversity of citizenship does not exist.[58]

The Court disagrees and finds there to be complete diversity of citizenship. Mr. Trobiano brought this action on behalf of himself and as trustee of the Anthony Trobiano Trust, requiring two separate citizenship considerations. The citizenship of a natural person is determined by his or her domicile, not his or her residence.[59] Mr. Trobiano's jurisdictional affidavit states that he "filed a Declaration of Domicile and Citizenship with the Palm Beach County Clerk declaring Florida as [his] domicile."[60] As an individual, Mr. Trobiano is a citizen of Florida. For trustees, the citizenship of a trust is based on that of the trustee.[61] Thus, as a trustee, Mr. Trobiano is a citizen of Florida.

Mr. Trobiano brought this action against Mr. Lagano as an individual and substitute administrator of the Estate, again requiring two separate citizenship considerations. Mr. Lagano explains that in his individual capacity, he is a citizen of New York.[62] He certifies that he is "a

---

[57] (*Id*.).

[58] (*Id*.).

[59] *Zambelli Fireworks Mfg. Co. v Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (explaining that citizenship and residence are not synonymous); *Robertson v. Cease*, 97 U.S. 646, 650 (1878) *Vanz, LLC v. Mattia & Assocs.*, No. 13-1392, 2016 WL 3148400, at *3 (D.N.J. May 17, 2016), report and recommendation adopted, 2016 WL 3148386 (D.N.J. June 1, 2016) ("That is because a natural person may have many residences, but only one domicile."); *Vlandis v. Kline*, 412 U.S. 441, 454 (1973) ("[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.")

[60] (D.E. 6, Aff., at ¶ 5).

[61] *Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 465–66 (1980); *see also GBForefront, L.P. v. Forefront Mgmt. Grp.*, 888 F.3d 29, 39 (3d Cir. 2018).

[62] (D.E. 3, Def.'s Opp'n. at 6).

citizen who is domiciled and . . . a resident in the City of Manhattan State of New York since on or before 2006."[63] Mr. Lagano provides a sufficient basis to demonstrate his citizenship to be in the State of New York.

In his capacity as substitute administrator, Mr. Lagano is a citizen of New Jersey.[64] Section 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."[65] Decedent died as a resident of and domiciled in Bergen County, New Jersey,[66] and it is in that County's Surrogate Court where the Estate is administrated.[67] After reviewing the citizenship of the parties in each of their capacities, the Court determines that complete diversity of citizenship exists.

Mr. Trobiano asserted two arguments in this motion: (1) Mr. Lagano untimely filed his Notice of Removal, and (2) this matter lacks complete diversity of jurisdiction. The Court notes that Mr. Trobiano's argument that Mr. Lagano untimely filed his Notice of Removal was based on a procedural defect. Section 1447(c) requires procedural defects to be asserted within 30 days after the filing of the notice of removal.[68] However, Mr. Trobiano did not assert the possible procedural defect in applying the forum defendant rule, which precludes removal in civil diversity cases "if any of the parties in interest properly joined and served as defendants is a citizen of the State in

---

[63] (D.E. 1, Cert., at ¶ 2).

[64] (D.E. 3, Def.'s Opp'n. at 6).

[65] 28 U.S.C. § 1332(c)(2).

[66] (D.E. 1-1, Compl., at ¶ 2).

[67] (*Id.*, at Exs. A–E).

[68] 28 U.S.C. § 1447(c).

13

which such action is brought."[69] The rule "is procedural rather than jurisdictional, except where 'the case could not initially have been filed in federal court.'"[70]

By failing to raise the forum defendant rule as a procedural defect within 30 days of the Notice of Removal, Mr. Trobiano waived it. The Court cannot sua sponte remand this action based on a procedural defect that Mr. Trobiano did not challenge.[71] Because the Court did not need to determine whether service upon the Surrogate sufficed as service upon Mr. Lagano as substitute administrator—a New Jersey citizen—in order to determine whether he timely filed the Notice of Removal, the Court makes no determination as to the applicability of the forum defendant rule.

C. Cross-Motion to Amend Notice of Removal

Mr. Lagano cross-moved to amend his Notice of Removal. It appears that Mr. Lagano seeks to add: "Defendant accepts waiver of service of the summon and complaint in the above captioned action for purposes of this removal dated March 18, 2019."[72] Other proposed changes in the Notice of Removal also relate to waiver[73] and service upon Mr. Lagano in his individual capacity.[74] Interestingly, Mr. Trobiano contends that he did not serve a waiver of service upon Mr. Lagano.[75] The Court's recommendation as to Mr. Trobiano's motion to remand is not contingent upon the amendment of the Notice of Removal. The amendment does not clarify deficiencies in

---

[69] 28 U.S.C. § 1441(b)(2).

[70] *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (quoting *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.,* 66 F.3d 46, 50 (3d Cir. 1995)).

[71] *See In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 450–51 (3d Cir. 2000).

[72] (D.E. 3, Def.'s Opp'n, Ex. 15, at ¶ 5).

[73] (*See id.*, Ex. 15, at ¶ 14).

[74] (*See id.*, Ex. 15, at ¶ 4).

[75] (D.E. 4, Pl.'s Reply, at ¶ 7).

allegations. The Court is hesitant to grant such an amendment, especially because Mr. Trobiano represents that he did not provide the waiver form and it is unclear whether waiver in fact occurred.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Mr. Trobiano's motion to remand be **DENIED**, and Mr. Lagano's motion to amend his Notice of Removal be **DENIED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[76] The District Court need not consider frivolous, conclusive, or general objections.[77]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/29/2019 9:10:24 AM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
 cc: All parties
     File

---

[76] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[77] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).