<u>**CLOSING**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY TROBIANO,<br><br>    *Plaintiff*,<br>v.<br>FRANK P. LAGANO, JR., et al.,<br><br>    *Defendants*. | Civil Action No. 19-4886<br><br>**ORDER** |

      **THIS MATTER** comes before the Court by way of Defendant Liberty Mutual Insurance Co.'s ("Liberty Mutual") Appeal of U.S. Magistrate Judge Edward S. Kiel's ("Judge Kiel") April 14, 2021 Order ("April 14 Order") dismissing and closing three related cases, ECF No. 41;

      and it appearing that this is one of a series of actions arising from claims that Frank P. Lagano, Sr. (the "Decedent") failed to repay two loans from 2006 and 2007 to Plaintiff Anthony Trobiano ("Plaintiff"), <u>see generally</u> Compl., ECF No. 1.1;

      and it appearing that Defendant Frank P. Lagano, Jr. ("Lagano") removed this case, No. 19-4886 ("Original Case"), from the Superior Court of New Jersey to this Court in February 2019 on the basis of diversity of citizenship, ECF No. 1;

      and it appearing that by letter order dated June 23, 2020 in the Original Case, the Court dismissed five of Plaintiff's claims with instructions to refile those claims in Surrogate Court and dismissed the sixth claim without prejudice to refile, ECF No. 28;

      and it appearing that Plaintiff refiled those claims in Surrogate Court as directed and chose not to replead any claims in this Court;

and it appearing that upon Plaintiff refiling those claims in Surrogate Court, Lagano promptly removed that case to federal court, Trobiano v. Lagano, No. 20-10793 ("Second Case"), ECF No. 1;

and it appearing that in response, Plaintiff filed a motion to remand the Second Case back to Surrogate Court (the "Remand Motion"), Second Case, ECF No. 4;

and it appearing that Lagano moved to consolidate the Original Case with the Second Case, but Judge Kiel terminated that motion pending his resolution of the Remand Motion in the Second Case, Trobiano v. Lagano, Second Case, ECF No. 5;

and it appearing that before Judge Kiel ruled on the Remand Motion, on January 22, 2021, Liberty Mutual filed an Answer and Cross-Claim against Lagano for contribution and indemnification in the Original Case, despite the fact that the Court had dismissed all claims filed against it, ECF No. 39;

and it appearing that in response to Plaintiff's Remand Motion in the Second Case, Judge Kiel, in a well-reasoned report and recommendation, found that the probate exception to federal jurisdiction warranted remand, Trobiano v. Lagano, Second Case, ECF No. 12;

and it appearing that this Court adopted Judge Kiel's report and recommendation, Trobiano v. Lagano, Second Case, ECF No. 18;

and it appearing that by the April 14 Order, Judge Kiel closed the Original Case and the Second Case, as well as a third identical case, based on the above history of dismissals and remands, and the repeated findings of this Court that these claims belong in Surrogate Court, ECF No. 41;

and it appearing that Lagano objects to the April 14 Order on the ground that Judge Kiel exceeded his authority, misapplied consolidation law, and deprived Liberty Mutual of its right to file a motion to dismiss, see generally Def. Mem., ECF No. 42;

and it appearing that by letter order dated June 23, 2020, the Court dismissed all claims in the Original Case, ECF No. 28;[1]

and it appearing that, since the Original Case was dismissed, Liberty Mutual is not prejudiced by any denial of an opportunity to file a motion to dismiss;

and it appearing that Judge Kiel's order closing all three cases was ministerial insofar as it implemented the Court's prior order dismissing the cases;

and it appearing that since both the Original Case and the Second Case assert the same claims by the same parties, both are barred by the probate exception to federal jurisdiction;

and it appearing that for good cause shown and in the interest of justice;

**IT IS** on this 30th day of November, 2021;

**ORDERED** that the Court hereby adopts and affirms Judge Kiel's April 14 Order as consistent with prior orders of this Court; and it is further

**ORDERED** that Liberty Mutual's Appeal of Judge Kiel's April 14 Order of dismissal, ECF No. 42, is **DENIED**; and it further

**ORDERED** that this matter is now **CLOSED**.

---

[1] That Liberty Mutual, as surety in the probate matter, has filed a third-party Complaint for indemnification and defense against Lagano does not change the Court's conclusion. First, as noted above, there was no basis to file such pleading since the case had already been dismissed. Moreover, Liberty Mutual, as probate surety, could not plausibly argue that its claims are not also barred by the probate exception. In any case, Liberty Mutual cannot claim any prejudice by its dismissal of the claims here.

The Court is also concerned that counsel has a conflict in representing both defendants Lagano and Liberty Mutual in this case. The Court therefore directs counsel to show cause within 7 days how this representation does not conflict with the Rules of Professional Conduct.

**CLOSING**

*/s Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**